**516**

601 P.2d 1089

Delbert K. KNUDSON and Marian Knudson, husband and wife, Plaintiffs,

v.

Walt SPICER and Sun Valley Company, Inc., a corporation, Defendants and Third-Party Plaintiffs-Appellants,

v.

BOISE CASCADE CORPORATION, Third-Party Defendant-Respondent,

v.

FLOOD, MEYER AND ASSOC., INC., formerly David Jay Flood Associates, Third-Party Defendant.

No. 13014.

Supreme Court of Idaho.

Oct. 24, 1979.

Bert Larson of Parry, Robertson, Daly & Larson, Twin Falls, for appellants.

Timothy C. Walton of Quane, Smith, Howard & Hull, Boise, for respondent.

BISTLINE, Justice.

This appeal is from an order granting third-party defendant Boise Cascade Corporation's motion for summary judgment in a third-party action brought against it by third-party plaintiffs Spicer and Sun Valley Company, Inc. We affirm.

Delbert Knudson and Marian Knudson brought suit against Walt Spicer (Spicer) and Sun Valley Company, Inc. (Sun Valley) for claimed negligence and injuries received by Mrs. Knudson from a fall on a stairway of a condominium. At the time of the fall, September 17, 1976, Mrs. Knudson was a guest in the condominium owned by defendant Spicer and maintained and operated by defendant Sun Valley. At no time did Knudsons name Boise Cascade as a defendant.

Spicer and Sun Valley filed a third-party complaint against Boise Cascade Corporation (Boise Cascade) claiming that Boise Cascade, because it constructed the condominium units, "*is or may be liable* to third-party plaintiffs *for all or part* of Delbert K. Knudson and Marian Knudson's claim against third-party plaintiffs." This is the only allegation in the complaint by which Spicer and Sun Valley attempt to attach liability to Boise Cascade, and would appear to be founded on a theory of indemnity. At least it is safe to say that there is no other allegation in the complaint disclosing any other legal theory out of which might be said to have arisen an obligation on the part of Boise Cascade to become responsible to Spicer and Sun Valley for any damages Mrs. Knudson might receive from them.

Boise Cascade moved for summary judgment against Spicer and Sun Valley on the ground that there was no genuine issue of

material fact and Boise Cascade was entitled to judgment as a matter of law. This motion was supported by the affidavit of one Adrian Godfrey who identifies himself as having been Boise Cascade's Marketing Manager and having worked closely with Spicer and Sun Valley in the sale and construction of the Spicer condominium unit. The substance of his affidavit, wherein we see it as pertinent, is that: The parties agreed Boise Cascade would construct the condominium in strict accordance with the design, plans and specifications furnished by architect David Jay Flood and Associates. Flood's firm was employed by and acting for Spicer and Sun Valley; Boise Cascade used the plans and specifications to produce shop drawings which were critiqued, modified and approved by Flood; the condominium stairway and landings were constructed in accordance with those plans and specifications. As agreed upon, Boise Cascade notified Sun Valley upon completion of the condominium and Sun Valley gave or indicated notice of satisfactory completion and accepted the building; and since completion in November, 1970, Boise Cascade has had no duty, obligation or agreement to maintain the building, nor has it done so.

In opposition to this motion only the affidavit of Spicer was given. In substance and as pertinent, he stated: He was real estate manager for Sun Valley during the transaction; he worked with representatives of Boise Cascade and Flood during and after construction; Boise Cascade never advised Spicer that there was any deficiency in the design and construction of the stairwells and staircases, or that handrails should have been supplied in the staircases; the plans to which he had access contained no details with respect to construction of the staircases; there is a handrail on the stairs extending approximately one-half the way up the stairs; that he was not aware of anyone else having fallen on the stairs.

A hearing was held on the summary judgment motion. The trial court in granting Boise Cascade's motion said:

"If any liability can be imposed against Boise Cascade Corp. in this case, its liability must arise out of its construction of the subject condominium in a negligent or improper manner or not in accordance with the plans and specifications."

Neither proposition was alleged by Spicer and Sun Valley. The trial court obviously was attempting to glean from the allegations and facts presented some glimmer of a triable issue, but concluded:

"I have gone over the depositions, affidavits and the entire file in this matter and it's difficult to see any genuine material issue of fact. For example in the affidavit of Walt Spicer, paragraph five (5) thereof, the affiant states 'during the entire course of construction of the Dollar Meadows Condominiums, no employee or agent of Boise Cascade Corporation ever advised affiant that there was any deficiency with respect to the design or construction of the stairwells and staircases in the condominiums, nor did any such officer or employee of Boise Cascade Corp. suggest or advise that hand rails should have been supplied in condominiums that had staircases in them.'

"Statements such as this seem to be entirely in the negative and do not show any genuine material facts from which it could be inferred that Boise Cascade did not follow the plans and specifications and that the work was not accepted by Sun Valley. Nowhere is it contended or even inferred that Boise Cascade's duty involved the building of hand rails on the stairs in question."

We agree with the trial court and affirm.[1] Costs to respondent. No award of attorneys fees.

DONALDSON, C. J., and BAKES, J., concur.

---

1. In this Court both parties continue to argue negligence, citing numerous cases which are applicable only in actions brought by an injured third party against the contractor and other parties. Here Sun Valley and Spicer seek to pass on their liability, or some of it, to Boise Cascade. As above stated, and unlike the factual situation in *McKinley v. Fanning*, 100 Ida-

SHEPARD, Justice, specially concurring.

I concur in the result obtained by the majority opinion. However, I believe attention must be called to the inconsistent result of this case as contrasted with the recent decision of *McKinley v. Fanning*, 100 Idaho 189, 595 P.2d 1084 (1979).

*McKinley* also involved injuries allegedly resulting from negligent construction. The trial court granted summary judgment for defendants and, upon appeal, this Court initially affirmed that summary judgment.

It is clear to me that the trial judge in the instant case based his decision on the initial opinion of this Court in *McKinley*. He stated:

"There seems to be little disagreement between the parties as to what the status of the law is in Idaho. The Supreme Court has on more than one occasion stated that if a contractor performs his work according to the plans and specifications, no liability may be imposed upon him for any damage resulting from such construction.

If any liability can be imposed against Boise Cascade Corp. in this case, its liability must arise out of its construction of the subject condominium in a negligent or improper manner or not in accordance with the plans and specifications."

The trial court here then reviewed the depositions and affidavits and said:

"Statements such as this seem to be entirely in the negative and do not show any genuine material facts *from which it could be inferred that Boise Cascade did not follow the plans and specifications and that the work was not accepted by Sun Valley.*"

The Court then stated:

"In the recent case of *McKinley v. Fanning*, filed on January 1, 1978 as Supreme Court Opinion No. 12342, the Supreme Court again affirmed that proposition

that a contractor who performs his work according to the plans and specifications cannot have liability imposed upon him for damages resulting from the construction."

If the state of the law had been allowed to remain at rest at that point, I would see no confusion. However, this Court, upon petition therefor, granted a rehearing in *McKinley*, abandoned and reversed its position and the law which had been relied upon by the lower court in the instant case. In a split decision, the author of today's opinion wrote a special concurrence in which he reviewed the so-called "modern rule" of foreseeability as

"A building or construction contractor is liable for injuries to or the death of third persons, occurring after the acceptance of the completed work by the contractee, where the work is reasonably certain to endanger third persons if negligently prepared or constructed.

It is now the generally accepted view that the liability of a contractor is the same as that imposed upon a manufacturer for injuries to ultimate consumers resulting from defective products.

As stated above, the rule of liability for foreseeable injury has thus replaced a rule of nonliability with many exceptions. *The precise significance in a summary judgment case such as this one is that the question of foreseeability is one for the jury.*" Id. at 192–93, 595 P.2d at 1087–88.

Thus, in my opinion, the majority opinion in the instant case and the *final* opinion in *McKinley* cannot be harmonized.

Further, the majority opinion inferentially faults the defendants Spicer and Sun Valley's complaint against Boise Cascade Corporation that Boise Cascade is or may be liable for all or a part of Knudson's claim against the defendants. Knudson complained against Spicer and Sun Valley alleging they were negligent in failing to

ho 189, 595 P.2d 1084 (1979), the Knudsons have not named Boise Cascade as a defendant, and have not charged it with any negligence in the construction or design of the condominium.

Nor, as the trial court pointed out, have Spicer or Sun Valley charged either with any negligence in that regard.

adequately construct. Spicer and Sun Valley's third party complaint alleged that Boise Cascade Corporation did the construction work. Hence, I deem it obvious, as did the trial court, "If any liability can be imposed against Boise Cascade Corporation in this case, its liability must arise out of its construction of the subject condominium in a negligent or improper manner or not in accordance with the plans and specifications." Although perhaps not a model pleading, in my judgment, the third party complaint adequately alleges a cause of action against Boise Cascade as a joint tortfeasor.

McFADDEN, J., concurs.